## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REGINALD A. WOODLIN,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-CV-3400** |
| | : | |
| **DEPARTMENT OF THE NAVY,** *et al.*, | : | |
| **Defendants.** | : | |

## MEMORANDUM

**BEETLESTONE, J.**                                                **JULY 28 , 2025**

      Plaintiff Reginald A. Woodlin filed this civil action seeking to correct his service record.

He seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant

Woodlin leave to proceed *in forma pauperis*, dismiss the Complaint without prejudice to

Woodlin filing an amended complaint, and deny his motion for appointment of counsel.

## I.    FACTUAL ALLEGATIONS[1]

      Woodlin filed his Complaint against the Department of the Navy, the United States

Marine Corps and the Board for Correction of Naval Records ("BCNR").  (Compl. at 2.)  His

Complaint seeks "judicial intervention and investigative review regarding discrepancies in [his]

military service records."[2]  (*Id.* at 44.)  Woodlin alleges that in 1975, while stationed at Camp

Garcia in Puerto Rico, he received a telegram informing him that his mother had been

hospitalized with a life-threatening condition.  (*Id.*)  When his request for emergency leave was

---

[1] The following allegations are taken from Woodlin's Complaint and exhibits attached to the
Complaint.  The Court adopts the pagination supplied to those filings by the CM/ECF docketing
system.

[2] The form complaint Woodlin used to file his case directs the Court to the numerous documents
he included with his submission.  (Compl. at 3.)  One of those documents is a "Petition for
Judicial Review and Investigation" that describes the factual basis for Woodlin's claims.  (*Id.* at
44-45.)

denied, he took leave without authorization ("AWOL") to be with his mother.  (*Id.*)  After his mother's health stabilized, Woodlin returned to Camp Garcia, was transferred to the Marine Corps base in Cherry Point, North Carolina for a Special Court Martial, and pleaded guilty to ninety days of unauthorized absence.  (*Id.*)  He "maintain[s] that [his] actions, while in violation of military regulations, were motivated by an overriding familial imperative."  (*Id.*)

Woodlin alleges that when he was discharged thereafter, he was "given assurances that [his] discharge status would be upgraded," (*id.* at 45), apparently to a "general discharge," (*id.* at 33), but that this did not occur.  When Woodlin later looked into his records, he learned they "erroneously reflect incarceration in a military facility and monthly deduction of two hundred dollars ($200.00) from [his] pay."[3]  (*Id.* at 45.)  This allegation correlates with an administrative decision from the Department of Veterans Affairs ("VA") that Woodlin attached to his Complaint, which concluded that he was not eligible for VA benefits because his record reflected he was discharged prior to his obligated date of service "Under Other Than Honorable Conditions."  (*Id.* at 19.)  His record also allegedly reflected "multiple offenses and punishments for five Unexcused Absences" and that he was "found guilty of multiple offenses, and sentenced in a Special Court Martial" following a May 21, 1975 trial.  (*Id.* at 19; *see also* ECF No. 2-1 at 1 (service record reflecting discharge "under other than honorable conditions").)  Handwritten notations next to these findings reflect Woodlin's assertion that they are incorrect.  (Compl. at

---

[3] Other documents that Woodlin submitted in support of his Complaint reflect that he was charged with stealing a small stereo system at the same time he was charged for his unauthorized absence.  (Compl. at 16, 33; ECF No. 2-1 at 8.)  This item was allegedly taken at a time when Woodlin was not on the base; he claims he was charged with the theft because the item was found with his gear.  (Compl. at 17.)

19; *see also id.* at 21 (claiming he was only AWOL one time when he left the base to tend to his mother).)

Woodlin alleges that he has made several efforts to correct his record, but those efforts have thus far been unsuccessful.  (*Id.* at 45.)  Among other things, Woodlin's exhibits reflect that he filed an application for correction of his naval record with the BCNR, which was denied in 2013 because "the Board found that the evidence submitted was insufficient to establish the existence of probable material error or injustice."  (ECF No. 2-1 at 2.)  Woodlin's exhibits suggest that he filed a more recent petition to correct his service record with the BCNR, but the status of that petition is unclear.[4]  (Compl. at 28, 37.)  Woodlin filed the instant lawsuit seeking "judicial intervention and an investigative review concerning [the] material discrepancies within [his] official United States Marine Corp service records."  (*Id.* at 44; *see also id.* at 45 (seeking a "comprehensive investigation into these discrepancies").)  He also seeks millions of dollars in damages based on claimed civil rights violations associated with his efforts to correct his service record, which he alleges caused him pain and suffering.  (*Id.* at 4.)

## II.    STANDARD OF REVIEW

The Court will grant Woodlin leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Woodlin's Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as

---

[4] A letter from the BCNR reflects that a duplicate application for correction of a naval record was returned to Woodlin on March 4, 2025, because it duplicated a "previously submitted application pending at this Board for correction of the same contention of error or injustice." (Compl. at 37.)  A copy of a letter from Woodlin to the VA represents that he received a letter on March 3, 2025 "stating the reason and bases for [his] situation to be denied" but what this statement is referring to is unclear from context.  (*Id.* at 41.)

true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At the screening stage, the Court accepts the facts alleged in the Complaint as true, draws all reasonable inferences in the plaintiff's favor, and asks only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim.  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Woodlin is representing himself, *i.e.* proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it."  *Id.*  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.* (quoting *Mala*, 704 F. 3d at 245).  An unrepresented litigant "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'"  *Id.*

The Court also must dismiss the Complaint if it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues" on its own).  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.").  "It is fundamental

that federal courts must have subject matter jurisdiction before reaching the merits of a case."

*GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018).

## III.    DISCUSSION

The Court understands Woodlin to be seeking damages for constitutional violations or other injustices he experienced stemming from his allegedly erroneous service record and his efforts to correct that record.  To the extent Woodlin's Complaint can be understood as an attempt to assert claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971), which provides a damages remedy against federal officers in extremely limited circumstances, *Bivens* does not permit a remedy against the United States or its agencies.  *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Ibrahim v. United States Dep't of Veteran Affs.*, 779 F. App'x 1010, 1011 n.1 (3d Cir. 2019) (*per curiam*) (explaining that *Bivens* claims "are not available against a federal agency").  Nor can the Court discern any other legal basis for a damages claim against the Defendants based on the material presented in the Complaint.

Rather, the Complaint is best construed as seeking correction of Woodlin's military record under the Administrative Procedures Act, 5 U.S.C. § 702.[5]   *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name.").  Relevant here, "[p]ursuant to 10 U.S.C. §

---

[5] Section 702 provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action" may seek judicial review in federal court for "relief other than money damages."  *See also Gentile v. Sec. & Exch. Comm'n*, 974 F.3d 311, 316 (3d Cir. 2020) ("[T]o proceed under the APA's waiver of sovereign immunity a person must . . . seek relief other than money damages.").

1552, the Secretary of the United States Navy 'may correct any military record of the [Navy] when the Secretary considers it necessary to correct an error or remove an injustice.'" *Battle v. Sec'y United States Dep't of Navy*, 757 F. App'x 172, 174 (3d Cir. 2018) (quoting 10 U.S.C. § 1552(a)(1)). "Additionally, § 1552(a)(1) authorizes the Secretary to establish boards like the BCNR to review and potentially correct Navy records, including those of the Marine Corps." *Id.* A Marine Corps member who receives an adverse final decision from the BCNR "may then seek judicial review of the decision under the Administrative Procedure Act, 5 U.S.C. §§ 701-706 *et seq.*" *Id.*; *see also Dougherty v. U.S. Navy Bd. for Correction of Naval Recs.*, 784 F.2d 499, 500 (3d Cir. 1986) ("Judicial review of action by an agency such as the BCNR is provided for in the Administrative Procedure Act."). "Under the APA, a court may set aside an agency decision if that decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or if the decision is unsupported by substantial evidence." *Mahoney v. Del Toro*, 99 F.4th 25, 34 (1st Cir. 2024) (internal quotations omitted).

An APA action seeking review of a decision of the BCNR is governed by the six-year statute of limitations set forth in 28 U.S.C. § 2401(a). *Dougherty*, 784 F.2d at 500-01. An APA claim "does not 'accrue' for purposes of § 2401(a) until [the plaintiff] 'is injured by final agency action.'" *See Regan v. Sec'y of U.S. Navy*, No. 24-1765, 2025 WL 572388, at *2 (3d Cir. Feb. 21, 2025) (quoting *Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys.*, 603 U.S. 799, 825 (2024)). "[I]n an action for correction of military records, the claim first accrues when the [BCNR] issues its final decision, not when the service person is discharged." *Id.* (quoting *Green v. White*, 319 F.3d 560, 563 (3d Cir. 2003)). Importantly, "[t]he BCNR may accept, at any time, petitions for reconsideration and reopen an applicant's case." *Battle*, 757 F. App'x at 175 (citing *Green*, 319 F.3d at 565 and 32 C.F.R. § 723.9). This means if the BCNR reopens an applicant's

case and "issues a denial on the merits, it creates a new 'final decision' for purposes of §
2401(a), thereby resetting the statute of limitations clock." *Id.* at 175 (citing *Green*, 319 F.3d at
565-66).

                                                             Because
Woodlin relies heavily on exhibits to provide much of the background for his claims, it is not
clear when he last sought correction of his service record in the BCNR and, relatedly, when he
last received a final decision from that agency.[6]  To the extent Woodlin seeks review of the
BCNR's 2013 decision, the six-year statute of limitation for review of that decision has long
expired.  *See* § 2401(a).  Although Woodlin's filing suggests that he more recently applied with
the BCNR to correct his service record, it is unclear whether the BCNR has issued a new, final
decision that this Court may review under the APA.  Accordingly, the Court must dismiss any
APA claims at this time.  *Battle*, 757 F. App'x at 178 ("[W]e find that the District Court did not
err in concluding that the BCNR's 2016 decision did not constitute a new, 'final decision' for
purposes of restarting § 2401(a)'s statute of limitations.  Thus, the District Court properly
dismissed Battle's case for lack of subject matter jurisdiction."); *Ahlijah v. Mayorkas*, No. 20-63,
2023 WL 4561027, at *6 (D. Del. July 17, 2023) ("The Third Circuit has held that the six-year

---

[6]  A complaint cannot state a claim by relying solely on exhibits absent factual allegations in the
complaint that explain the basis for the plaintiff's claims against the defendant.  *See Estate of
Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e
cannot fault the District Court for failing to intuit the necessary factual allegations from one of
the many exhibits appended to the complaint." (citations and quotations omitted)); *see also
Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7,
2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is
insufficient to meet the requirement that a complaint must contain sufficient factual matter,
accepted as true, to state a claim for relief that is plausible on its face."); *RD Legal Funding, LLC
v. Barry A. Cohen, P.A.*, No. 13-77, 2013 WL 1338309, at *2 (D.N.J. Apr. 1, 2013) ("Plaintiff
cannot meet its pleading requirements under Rule 8(a) by attaching numerous exhibits to its
Complaint.").

statute of limitations set forth in § 2401(a) is jurisdictional." (citing *United States v. Sams*, 521

F.2d 421, 428 (3d Cir. 1975) and *Battle*, 757 F. App'x at 174 n.2)).

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Woodlin leave to proceed *in forma*

*pauperis* and dismiss his Complaint without prejudice.  Woodlin will be given leave to file an

amended complaint in the event he can cure the above defects.  His motion for appointment of

counsel is denied at this time because it is unclear whether he has any basis for a claim that this

Court may review.  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (before exercising

discretion to appoint counsel "the district court must consider as a threshold matter the merits of

the plaintiff's claim").  An appropriate Order follows, which provides further instruction about

amendment.

BY THE COURT:

S/ WENDY BEETLESTONE

—————————————————————

WENDY BEETLESTONE, J.